

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2006

# Dozier v. Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4539

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dozier v. Hendricks" (2006). *2006 Decisions*. Paper 411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4539
_____

JOHN DOZIER,
                              Appellant

v.

ROY L. HENDRICKS; JOHN FARMER,
The Attorney General of the
State of New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-04646)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 13, 2006

Before:  SLOVITER, McKEE, and RENDELL, <u>Circuit Judges</u>.

(Filed: September 28, 2006)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Petitioner John Dozier, a New Jersey state prisoner, appeals the District Court's denial of his federal petition for writ of habeas corpus. We granted a certificate of appealability. Upon further review, however, and for the reasons set forth below, we conclude that Dozier is not entitled to habeas relief and will affirm the District Court's denial of his petition.

**I.**

We granted Dozier's request for a certificate of appealability as to the following issue:

> Whether the District Court erred in denying a writ of habeas corpus as to Appellant's claim that he was denied his constitutional right to due process, due to the trial court's failure to instruct the jury on the State's Drug Kingpin statute as required by *State v. Alexander*, 643 A.2d 996 (N.J. 1994). *See Smith v. Horn*, 120 F.3d 400, 409-19 (3d Cir. 1997).

*Dozier v. Hendricks*, No. 04-4539 (3d Cir. June 23, 2005)

Dozier was convicted of violating New Jersey's "Drug Kingpin" statute, N.J. Stat. Ann. § 2C:35-3, and sentenced to life imprisonment with a twenty-five-year period of parole ineligibility, in 1992. The trial court instructed the jury, inter alia, that "'in order for a defendant to be a leader of a narcotics trafficking network, defendant's role must be shown to be an organizer, supervisor, financier or manager of such a conspiracy. The defendants needs [sic] not be the only or even the primary organizer, supervisor or financier or manager.'" *Dozier v. Hendricks*, Civ. A. No. 01-4646, slip op. at 7 (D.N.J.

2

Nov. 5, 2004) (quoting trial court's instructions).

Dozier first challenged the trial court's instructions on direct appeal, arguing that they did not comply with the requirements set forth by the New Jersey Supreme Court in *State v. Alexander*, 643 A.2d 996 (N.J. 1994).[1]  The Appellate Division affirmed Dozier's conviction, emphasizing that Dozier's jury instruction claim was "not a constitutional one" and that "the evidence overwhelmingly supports his conviction."  *State v. Dozier*, No. A-5276-92T4, slip op. at 15 (N.J. Super Ct. App. Div. Jan. 3, 1995).  The New Jersey Supreme Court denied certification.  *State v. Dozier*, 663 A.2d 1361 (N.J. 1995) (table).

Dozier next raised the issue in a petition for writ of habeas corpus in the United States District Court for the District of New Jersey.  There, he argued that the defect in the jury instructions violated his constitutional due process rights.  Then-District Court Judge Barry dismissed the petition on the merits, holding that "'Petitioner does not present a federal constitutional claim here and, even if he did, his constitutional rights

---

[1]In *State v. Alexander*, the New Jersey Supreme Court found that the plain language of the Drug Kingpin statute did "not fully convey to the jury the nature of the actual elements of the conduct that the Legislature intended to criminalize."  643 A.2d at 1000. Thus, it held that, in prosecutions involving the statute, the trial court must supplement its instructions on the statutory elements of the offense with an instruction that the jury

> must find that the defendant occupies a high-level position, that is, a position of superior authority or control over other persons, in a scheme or organization of drug distribution (or manufacture or dispensing or transporting), and that in that position the defendant exercised supervisory power or control over others engaged in an organized drug-trafficking network.

*Id.*

were not violated.'" *Dozier*, Civ. A. No. 01-4646, at 9 (quoting *Dozier v. Morton*, No. 95-cv-6224 (D.N.J. Sept. 4, 1997)).  On appeal, we denied a certificate of appealability on the ground that Dozier had failed to exhaust state remedies with regard to his constitutional due process claim.  *Id.* at 10.

In the meantime, Dozier sought post-conviction relief in the New Jersey courts. The trial court denied his petition after a hearing, finding that the due process claim had been addressed on direct appeal and that the rule announced in *Alexander* could not be applied retroactively.[2]  The Appellate Division affirmed the denial of post-conviction relief, agreeing with the trial court that Dozier's claim was procedurally barred because it had been addressed on direct appeal.  The state Supreme Court again denied certification. *State v. Dozier*, 762 A.2d 218 (N.J. 2000) (table).

Having exhausted all of his state remedies, Dozier once again filed for habeas relief in the District Court for the District of New Jersey.  The District Court denied Dozier's habeas petition, and declined to issue him a certificate of appealability.  *Dozier*, Civ. A. No. 01-4646, at 20-21.  We granted Dozier's request for a certificate of

---

[2]We note that the trial court's ruling in this regard conflicts with the New Jersey Supreme Court's holding in *State v. Afanador*, 697 A.2d 529, 536 (N.J. 1997), that *Alexander* applies retroactively where a correctly charged jury could reasonably have concluded that the defendant was not a drug kingpin, and the absence of an *Alexander* instruction constituted plain error capable of bringing about an unjust result.  Because this aspect of the trial court's ruling did not form the basis for the Appellate Division's decision, however, it is not before us.

4

appealability as to the federal constitutional due process issue.[3]

## II.

The federal habeas statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that an "application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the adjudication of the petitioner's claim

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Dozier seeks relief under the first of these two standards, arguing that the Appellate Division's adjudication of his constitutional due process claim resulted in a decision that was contrary to a clearly established principle of federal law, namely that jury instructions that omit or materially misdescribe an element of an offense violate due process. *See* Appellant's Br. at 13.

Dozier's claim is predicated on the New Jersey Supreme Court's opinion in *State v. Alexander*, 643 A.2d 996 (N.J. 1994), and one of our cases, *Smith v. Horn*, 120 F.3d 400 (3d Cir. 1997). In *Smith*, we held that jury instructions that omit or materially misdescribe an element of an offense lift the government's burden of proving that element and, thus,

---

[3]Judge Van Antwerpen would have denied the request.

violate due process.  *Id.* at 415.  We made very clear, however, that our decision was not based on existing Supreme Court precedent, but, rather, on our prediction of what the Supreme Court would do if it was presented with the issue:

> The dissent notes that the Supreme Court has never expressly held that a jury charge that eases the state's burden of proof on an element of an offense by omitting or materially misdescribing it violates the Due Process Clause.  The proposition is true as far as it goes.  If our duty as a court of appeals were simply to sustain only those claims the legal bases for which have already been settled by the Supreme Court, the dissent's observation would have some relevance.  However, our duty also extends to predicting, in circumstances where there is no specific guidance, how that Court would decide if it were to consider the case before us.

*Id.* at 416.  *See also id.* at 425-26 (Alito, J., dissenting) (distinguishing Supreme Court cases cited by the majority to support its holding and stating that "the Supreme Court opinion that appears to be most closely on point, *Henderson v. Kibbe*, 431 U.S. 145 (1977), cuts against the majority's argument").

Therefore, the principle that Dozier urges is not a "clearly established" rule of "Federal law, *as determined by the Supreme Court of the United States*."  28 U.S.C. § 2254(d)(1) (emphasis added).  *Smith* was decided before the AEDPA standard came into effect, *see id.* at 420 n.1, 422-23 (Alito, J., dissenting), when predictions of what the Supreme Court would do were permissible considerations in habeas cases.  Given the AEDPA standard recited above, we cannot grant habeas petitions based on our "prediction" of what the Supreme Court would do, but must find applicable Supreme

6

Court precedent that has not been properly followed. Dozier has not cited, and we have not found, any *Supreme Court* case that addresses the specific problem that he identifies here or establishes the legal principle on which he relies. Thus, he cannot demonstrate that the Appellate Division's ruling "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Dozier's reliance on the New Jersey Supreme Court's ruling in *Alexander* is similarly unavailing, as it is not premised on established United States Supreme Court jurisprudence.

## III.

Accordingly, Dozier is not entitled to habeas relief, and we will AFFIRM the order of the District Court.